**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15 C 503 |
| ) | |
| BERISFORD B. KERR a/k/a KERR ) | Judge Sheila Finnegan |
| BERISFORD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In August 1992, Berisford B. Kerr a/k/a Kerr Berisford ("Defendant") obtained a student loan in the amount of $12,170.11 pursuant to the Federal Family Education Loan Program. The loan was guaranteed by the Iowa College Aid Commission, and reinsured by the U.S. Department of Education under loan guaranty programs authorized by Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 *et seq.* Defendant defaulted on the loan on June 4, 1998, and subsequent attempts to collect the debt from him were unsuccessful.[1] The United States has now filed suit to recover the outstanding principal amount of $18,662.13, plus interest accruing at the contract rate of 9% per year.

On March 19, 2015, Defendant, proceeding pro se, requested an extension of time to answer the complaint "to seek counsel regarding this matter." (Doc. 5). This Court granted the motion and gave Defendant until May 27, 2015 to file his answer; Defendant failed to do so or to seek a further extension. (Doc. 6). Plaintiff waited almost six weeks, until July 9, 2015, to move for entry of a default judgment against

---

[1] Defendant stated in open court that he believed he made two payments on the loan, but Plaintiff's records show no payments. (Doc. 1-2).

Defendant in the amount of $43,946.24, including: $18,662.13 in principal; $25,219.11 in prejudgment interest to September 10, 2013, at 9% annually; and $65 in agency costs. (Doc. 9 ¶ 6). This Court entered the default judgment against Defendant on July 10, 2015. (Doc. 10).

A little less than a month later, on August 7, 2015, Defendant filed a motion to vacate the default judgment, stating that he "was unable to respond to answer [sic] due to family matter of death, and going out of state." (Doc. 11). During motion hearings before this Court on August 13, August 27, and October 7, 2015, Defendant further explained that the deadline "slipped past" him because his father died on May 27, 2015, his daughter's godmother died on May 31, 2015, and he was in California from late May to mid-June looking after his mother. Defendant also noted that he had knee surgery sometime in May 2015 followed by rehabilitation, and was searching for an attorney. Plaintiff opposes the motion, arguing that Defendant cannot meet the standard for vacating a default judgment under Federal Rule of Civil Procedure 60(b). Plaintiff also posits that it may be in Defendant's best interest to keep the judgment in order to take advantage of the lower interest rate it provides.[2]

The Court has considered all the arguments and now holds that Defendant has not met the requirements for vacating the default judgment. His motion is therefore denied.

---

[2] Prior to entry of judgment, interest on the loan accrues at the contract rate of 9%. Post-judgment interest, on the other hand, is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). According to Plaintiff's counsel, that statutory post-judgment interest rate for the calendar week preceding the date of judgment was less than 1%.

**DISCUSSION**

A. **Standard of Review**

Rule 55(c) allows a court to "set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment [due to] (1) mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). Excusable neglect "encompasses 'all relevant circumstances surrounding the party's omission,'" including such factors as "the reason for the default, whether it was within the movant's control, the danger of prejudice to the non-movant, and the interests of judicial administration." *Tygris Asset Finance, Inc. v. Szollas*, No. 09 C 4488, 2010 WL 2610652, at *1 (N.D. Ill. June 21, 2010) (quoting *Casio Comp. Co. v. Noren*, 35 Fed. Appx. 247, 250 (7th Cir. 2002)). *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 389 (1993). Despite this "flexible understanding," however, "'[i]nadvertence, ignorance of the rules, or mistakes construing the rules' are not ordinarily recognized as forms of excusable neglect,'" and "negligent handling of a case, by itself, will not excuse untimely behavior or satisfy the showing required by Rule 60(b)." *Casio Comp. Co.*, 35 Fed. Appx. at 250 (citing *Pioneer*, 507 U.S. at 391-92 and *Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1075 (7th Cir. 1997)). The rule instead "establishes a high hurdle for parties seeking to avoid default judgments," *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994), and relief is proper only in "exceptional circumstances." *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996).

To set aside a default judgment, "a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) 'good cause' for the

default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones*, 39 F.3d at 162; *Yash Techs., Inc. v. Prospeed Trading, Inc.*, No. 07 C 4054, 2009 WL 2928095, at *4 (C.D. Ill. Sept. 9, 2009). "Failure to make any of the three showings warrants denial of a motion to vacate." *Wells Fargo Equip. Fin., Inc. v. PMRC Servs., LLC*, No. 10 C 2438, 2011 WL 635861, at *2 (N.D. Ill. Feb. 11, 2011).

### B. Analysis

Defendant has not established the existence of a meritorious defense to the original complaint sufficient to satisfy the third factor necessary to support vacating the default judgment. "A 'meritorious defense' is not necessarily a winning one, but it is one which is 'supported by a developed legal and factual basis.'" *Bluegrass Marine Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 357 (S.D. Ill. 2002) (quoting *Jones*, 39 F.3d at 165). Here, Defendant does not deny that he owes the money under the student loan, or that he agreed to the terms of that loan, including the stated interest rate. Defendant states only that he cannot afford to pay his outstanding loan balance, which is not a proper defense to his contractual obligation. Moreover, Plaintiff has agreed to work with Defendant on a payment plan based on his financial situation. Since Defendant has articulated no meritorious defense to this case, his motion to vacate the default judgment must be denied. As a result, the Court need not address the other factors required to set aside the default judgment. *Wells Fargo Equip. Fin., Inc.*, 2011 WL 635861, at *2.[3]

---

[3] The Court notes that it is also unclear whether Defendant has established good cause for the default. In support of this factor, Defendant cites to his various family and health problems, but "[c]ourts in this district have consistently held that a litigant's 'personal circumstances,' including health problems and/or family issues, do not constitute 'good cause'

## **CONCLUSION**

For all the reasons stated, Defendant's Motion to Vacate Default Judgment of July 10, 2015 (Doc. 11) is denied.

ENTER:

Dated: October 7, 2015

_____
Sheila Finnegan
United States Magistrate Judge

---

or 'excusable neglect' for failing to file a responsive pleading." *Tygris Asset Finance, Inc.*, 2010 WL 2610652, at *2 (collecting cases).